UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELHADJ ALPHA MAHMOUD SOUARE | ) ) ) | CASE NO: 5:25-CV-00476 |
| Plaintiff, | ) ) | JUDGE JOHN ADAMS |
| v. | ) ) | **OPINION AND ORDER** |
| STATE OF OHIO CHILD SUPPORT | ) ) ) ) | |
| Defendant. | ) | |

*Pro se* plaintiff Elhadj Alpha Mahmoud Souare filed this action against the "State of Ohio Child Support" for the violation of 42 U.S.C. §1983. Doc. 1. Plaintiff seeks $150,000,000 in damages. For the following reasons, this action is dismissed.

## I. Background

Plaintiff's Complaint contains very few facts. As best the Court can discern, it appears that Plaintiff challenges a child support order against him. Doc. 1, p. 5. Specifically, Plaintiff contends that "child support is 100% voluntary" and because he did not agree, the order is invalid. Id. Plaintiff asserts that Defendant has violated his Fourth, Fifth, Seventh, and Fourteenth Amendment rights in violation of 42 U.S.C.§1983.

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court is required, however, to review the pursuant to 28 U.S.C. § 1915(e)(2)(B), and is permitted to dismiss the complaint if it fails to state a claim upon which relief can be granted. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Discussion

Plaintiff has named "State of Ohio Child Support" as Defendant in this case. Doc. 1. State of Ohio Child Support is not sui juris and therefore cannot be sued.

> Capacity to sue or be sued is determined by the law of the state in which the district court sits. Fed. R. Civ. P. 17(b)(3). Under Ohio law, '[a]bsent express statutory authority, a court can neither sue nor be sued in its own right.' *Malone v. Court of Common Pleas of Cuyahoga Cty.*, Oh., 45 Ohio St. 2d 245, 344 N.E.2d 126, 128 (Ohio 1976). Likewise, sub-units of government also lack capacity to sue or be sued. See *Rose v. Dep't of Children & Family Servs.*, No. 19 CV 127, 2019 U.S. Dist. LEXIS 82054, at *4 (N.D. Ohio May 15, 2019) (Cuyahoga County Department of Children and Family Services is not sui juris and cannot be sued in its own right) (collecting cases). Moreover, the Eleventh Amendment is an absolute bar to the imposition of liability upon states and their agencies, such as the CSEA. *Cikraji v. Messerman, N.D.Ohio* No. 1:13CV2059, 2014 U.S. Dist. LEXIS 90589, at *13 (June 30, 2014) (citing *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985)).

*Johnson v. Cuyahoga Cty. CSEA*, 2021 U.S. Dist. LEXIS 125801 (N.D. Ohio, July 7, 2021). Accordingly, Plaintiff's claims against State of Ohio Child Support are dismissed.

### IV. Conclusion

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Date: May 12, 2025

*/s/ John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT